IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALEX TEJADA,<br><br>                Petitioner,<br><br>  vs.<br><br>STATE OF ALASKA DEPARTMENT OF CORRECTIONS,<br><br>                Respondent. | No. 3:20-cv-00102-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 17]<br>and<br>MEMORANDUM DECISION |

Alex Tejada, a federal prisoner now represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Docket No. 1 ("Petition"). Tejada is in the physical custody of the Alaska Department of Corrections ("DOC") and incarcerated at the Cook Inlet Pretrial Facility as a federal inmate awaiting resentencing in U.S. District Court Case No. 3:15-cr-00066 (D. Alaska), under the name Alex Jose Tejeda. In the Petition, Tejada alleges that DOC erred in the accounting of his state sentences in Alaska Superior Court Case Nos. 3AN-01-670 CR and 3AN-01-594CR (the "2002 state convictions"), rendered on September 24, 2002. Docket No. 1-2 at 6. According to Tejada, Alaska state law requires that the sentences in those cases should have run concurrently rather than consecutively. *See Baker v. State*, 110 P.3d 996, 1001 (Alaska Ct. App. 2005) (holding that, under former AS § 12.55.025(e), "where the sentencing judge has discretion to impose concurrent sentences, [the

-1-

judge] should make findings to justify the imposition of a consecutive sentence" (citations omitted)). Tejada seeks an order requiring DOC to adjust his time accounting by running the sentences on his 2002 state convictions concurrently, which would allow his federal sentence to be construed as starting on March 14, 2016.

This Court, through a previously-assigned district judge, granted Tejada's request for Court-appointed counsel.[1] Docket Nos. 3, 6. Appointed counsel notified the Court that Tejada is not entitled to relief under 28 U.S.C. § 2241, and that counsel would not be filing an amended petition.[2] Docket No. 15. Respondent has answered, Docket No. 15, and Tejada has replied by requesting this Court to stay the instant proceedings while he pursues relief in the state courts, Docket No. 17. The case is now before the undersigned judge for adjudication.

---

[1] There is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). A federal may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). When Tejada filed his Petition, however, requests for counsel were routinely granted in all federal habeas cases under 28 U.S.C. § 2241 in the District of Alaska.

[2] Counsel appointed for criminal defendants in direct appeals who conclude that there is no merit to the case are typically required to follow *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the U.S. Supreme Court "set forth a procedure for an appellate counsel to follow in seeking permission to withdraw from representation when he concludes that an appeal would be frivolous; that procedure includes the requirement that counsel file a brief 'referring to anything in the record that might arguably support the appeal.'" *Smith v. Robbins*, 528 U.S. 259, 268 (2000) (quoting *Anders*, 386 U.S. at 744). Because there is no general constitutional right to counsel in collateral post-conviction review proceedings, however, petitioners do not have a constitutional right to insist on the *Anders* procedures in federal habeas proceedings. *See Graves v. McEwen*, 731 F.3d 876, 878 (9th Cir. 2013). In any event, the submission at Docket No. 13 appears to comport with the requirements of *Anders*.

-2-

## I. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Tejada challenges the calculation and execution of his state sentence and avers that his forthcoming federal sentence should be modified to correct the alleged error in his state time accounting.

## II. STANDARD OF REVIEW

Although Tejada purports to bring his claims under 28 U.S.C. § 2241, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254, which is the exclusive vehicle for a habeas petition challenging the accounting of a sentence imposed as a result of a state court judgment. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.2d 546 (9th Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the

-3-

relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

The thrust of Tejada's claims is that DOC erred in calculating his sentence and accounting for his time in custody. As relief for the alleged errors, he seeks an order requiring DOC to adjust his time accounting by running the sentences on his 2002 convictions

-4-

concurrently, which would allow his federal sentence to be construed as starting on March 14, 2016.

To proceed under § 2254, a petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts; 28 U.S.C. § 2243. The Court takes judicial notice[3] of the records of the Alaska state courts, which indicate that Tejada's sentences on the 2002 convictions have fully expired. *See* https://records.courts.alaska.gov/ (Case Nos. 3AN-01-00670CR and 3AN-01-00594CR, under the name Alex J. Tejada). The records indicate that the State of Alaska petitioned to revoke Tejada's probation in each of those cases as a result of the federal criminal charges in Case No. 3:15-cr-00066 in this Court. On March 8, 2016, the state court imposed 10 months' and 20 months' previously-suspended jail time, respectively, on the 2002 state convictions, to run consecutively. It appears that the 30 months' jail time on the 2002 state convictions would have expired on or before September 8, 2018.

Although Tejada was in DOC's physical custody when he filed the instant Petition and remains in DOC custody, that custody is solely as a federal prisoner awaiting resentencing on the 2015 federal conviction pursuant to a contract between DOC and the federal government. He was therefore not "'in custody' under the conviction or sentence under attack," *i.e.*, the 2002 state convictions, at the time his petition was filed, as required to obtain relief under § 2254.[4]

---

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

[4] Moreover, although there is no exhaustion requirement for § 2241 relief, petitioners are required to exhaust all claims in state court before asserting them in a § 2254 petition in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The record indicates that Tejada asserted his claims by way of prisoner grievance to the DOC but has not raised his claims in the Alaska state courts. Furthermore, Tejada's allegations with regard to the calculation of his state sentences constitute a state law claim which is not cognizable on federal habeas review in any event. *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

Moreover, for the reasons more fully discussed in the Federal Public Defender's filing at Docket No. 13 and Respondent's Opposition at Docket No. 15, the relief Tejada seeks is unavailable under 28 U.S.C. § 2241. As an initial matter, § 2241 is the catchall habeas statute for alleged wrongs that are incapable of redress under other provisions of the law. But because, as discussed above, § 2254 is the sole vehicle for a petitioner challenging the calculation of a sentence imposed by a state court pursuant to a state conviction, the catchall provision of § 2241 does not apply here. Tejada does not challenge the manner or execution of his federal sentence. *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1990). He does not allege that his federal sentence has been improperly calculated, and indeed, does not even name the Bureau of Prisons in this suit. Accordingly, Tejada is not entitled to federal habeas relief under either 28 U.S.C. §§ 2241 or 2254.

In response to this Court's order, Docket No. 16, Tejada now moves for this Court to stay the instant proceedings while he pursues relief in the Alaska state courts, Docket No. 17. According to Tejada, the Alaska Superior Court either has held, or will be holding, a telephonic hearing in underlying Case No. 3AN-01-594CR, to consider his Motion for Clarification and Correction of Sentence filed in that court. Docket No. 17 at 1. Tejada argues that if his sentence clarified and corrected, his forthcoming federal sentence "would need to be amended and corrected." *Id.*

In proceedings like this, where a state remedy may still available on any or all unexhausted claims in a petition, a district court has discretion to enter a stay of the proceedings to allow the petitioner to seek relief in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005). Here, however, granting a stay would be futile. Even if Tejada were to obtain the relief he seeks in the state courts, as discussed throughout this opinion, he would not be entitled to relief in the instant proceedings in any event. A favorable outcome in state court may be relevant to his upcoming re-sentencing proceedings in Case No. 3:15-cr-00066, which the docket in that case indicates have been continued to January 2021. Case No. 3:15-cr-00066, Docket No.

410. But it has no relevance to the instant Petition, which seeks to challenge a fully-expired state sentence. Accordingly, the request for a stay must also be denied.

## IV. CONCLUSION AND ORDER

Tejada is not entitled to relief on his Petition, nor may this Court enter an order staying these proceedings and holding them in abeyance.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Motion for a Stay at Docket No. 17 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: December 29, 2020.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge